■ SUBIN ASSOCIATES, P. C., Formerly Known as BERT W. SUBIN, P. C., Respondent, v TWO NINETY ONE BROADWAY REALTY ASSOCIATES, Appellant, et al., Defendant.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered March 21, 1986, which, *inter alia,* granted plaintiff's motion to disqualify the defendant's law firm, is reversed, on the law and the facts, to the extent appealed from and the motion denied without prejudice to renewal after the completion of discovery, with costs.

The threshold question presented by this appeal is whether plaintiff has sufficiently demonstrated that a member of defendant's law firm, one Jacob Linett, should be called as a witness at the trial of the issue of defendant landlord's asserted right to install an electric meter at plaintiff tenant's premises.

Just recently, the caveat has been expressed that: "Disqualification in litigation can be highly disruptive. See, e.g., *Government of India v. Cook,* 569 F. 2d 737 (2d Cir. 1978). Only significant conflicts, ones that threaten the integrity of the court's rulings, ought to lead a judge to disqualify a lawyer.

By contrast, an ethics code guides lawyers in all kinds of representations, not just litigations. More important, an ethics code tells lawyers how to behave to avoid discipline. The fact that a court finds a successive conflict not serious enough to require disqualification (and the attendant disruption) does not mean that the court has approved of the propriety of the lawyer's decision to take the matter. That question can still be resolved by a disciplinary body. See *Board of Education v. Nyquist*, 590 F. 2d 1241 (2d Cir. 1979)." (Gillers, *Amending the Ethics Code—Conflicts of Interest, Screening*, NYLJ, Nov. 12, 1986, p 3, col 1.)

On the meager record before us, defendant has not yet shown that Mr. Linett should be called as a witness at the trial. Accordingly, disqualification should not be ordered at this juncture.

If, however, it should develop, at a later stage of this lawsuit, that Mr. Linett ought to be called, plaintiff should be afforded the opportunity to renew its motion at that time. Concur—Sullivan, J. P., Carro, Asch and Wallach, JJ.